UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION/LEXINGTON
CASE NO. _____

SHEILA GOODE                                                                                                      PLAINTIFF

VS.                                                **COMPLAINT**

HERITAGE HOSPICE, INC.,                                                                                  DEFENDANT
a Kentucky corporation

<u>Serve</u>:
Registered Agent, per
Kentucky Sec. of State:      Janelle Lane Wheeler
                             120 Enterprise Drive
                             Danville, Kentucky 40422

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, by counsel, makes the following federal Complaint, as follows:

1. Jurisdiction is proper.

2. Jurisdiction is proper pursuant to federal question jurisdiction under the Family and Medical Leave Act, (FMLA) 29 U.S.C. ξ 2601, <u>et</u>. <u>seq</u>., and including interference/deprivation and retaliation FMLA violations, 29 U.S.C. ξ 2615(a)(1) and (a)(2), and wherefore, state law claims have a common nexus in fact to the actions complained of by Plaintiff against Defendant herein.

3. Venue is proper.

4. Acts complained of, and as set forth in Plaintiff's Complaint, occurred in Danville, Boyle County, Kentucky.

5. Plaintiff is domiciled and is a resident of Harrodsburg, Mercer County, Kentucky.

6. Defendant is a Kentucky corporation having a principal place of business

at 120 Enterprise Drive, Danville, Kentucky 40422.

7.     Defendant is a Kentucky corporation having a principal place of business, per the Kentucky Secretary of State, as P.O. Box 1213, Danville, Kentucky 40422.

8.     Defendant's registered agent, per the Kentucky Secretary of State, is: Janelle Lane Wheeler, 120 Enterprise Drive, Danville, Kentucky 40422.

9.     At all times that Plaintiff performed work for Defendant, Defendant was an employer as that term is defined under the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq., and including 29 U.S.C. § 2611(4), as well as the Kentucky Civil Rights Act (KCRA), K.R.S. 344.010, et. seq., and including K.R.S. 344.030(2).

10.    At all times that Plaintiff performed work for Defendant in 2008 and 2009, Defendant was an employer as that term is defined under the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq., and including 29 U.S.C. § 2611(4), as well as the Kentucky Civil Rights Act, K.R.S. 344.010, et. seq., and including K.R.S. 344.030(2).

11.    At all times that Plaintiff performed work for Defendant, Plaintiff was an employee as that term is defined under the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq., and including 29 U.S.C. § 2611(2), as well as the Kentucky Civil Rights Act, K.R.S. 344.010, et. seq., and including K.R.S. 344.030(5).

12.    At all times that Plaintiff performed work for Defendant after May 1, 2009, Plaintiff was an employee as that term is defined under the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq., and including 29 U.S.C. § 2611(2), as well as the Kentucky Civil Rights Act, K.R.S. 344.010, et. seq., and including K.R.S. 344.030(5).

## **OVERVIEW**

13. On or about April 15, 2008, Plaintiff began performing work for Defendant and as a "transitions coordinator."

14. Throughout Plaintiff's employ with Defendant, Plaintiff was a good employee.

15. Throughout Plaintiff's employ with Defendant, Plaintiff's work performance was of sufficient quality so as to merit continued employment with Defendant.

16. Throughout Plaintiff's employ with Defendant, Defendant controlled Plaintiff's hours of employment, as well as managed and controlled Plaintiff's work schedule, and wherein Defendant was Plaintiff's employer and/or joint-employer.

17. Throughout Plaintiff's employ with Defendant, Plaintiff fulfilled Plaintiff's job duties and responsibilities for Defendant and its business operations.

18. <u>On or about 12/08 and 1/09</u>: On or about December, 2008 and/or January, 2009, Plaintiff took and/or requested leave from Defendant due to a serious health condition, namely Plaintiff suffering from a serious mental health condition impairment, bi-polar disorder condition, said leave being protected leave under the Family and Medical Leave Act and also effectively as a requested accommodation for disability protected under the Kentucky Civil Rights Act.

19. At the time that Plaintiff took and/or requested leave for said serious health condition impairment, bi-polar disorder condition, on or about December, 2008 and/or January, 2009, Plaintiff was an employee entitled to leave under the Family and Medical Leave Act as well as covered under the Kentucky Civil Rights Act.

20. At the time that Plaintiff requested and/or other exercised Plaintiff's right to leave for said serious health condition on or about December, 2008 and/or January, 2009, Plaintiff had

not exhausted all leave time available to Plaintiff under the Family and Medical Leave Act, and namely twelve weeks of leave for that current FMLA applicable calendar year.

21. At no time in 2008 did Plaintiff exhaust all allowed leave to which Plaintiff was entitled to under the Family and Medical Leave Act, and namely twelve weeks of leave for that current FMLA applicable calendar year.

22. At no time in 2009 did Plaintiff exhaust all allowed leave to which Plaintiff was entitled under the Family and Medical Leave Act.

23. At the time that Plaintiff was terminated in 2009, Plaintiff had not exhausted all leave to which Plaintiff was entitled under the Family and Medical Leave Act.

24. At the time that Plaintiff requested and/or otherwise exercised Plaintiff's right to leave in 2009 because of Plaintiff's bi-polar serious health condition, Plaintiff had not exhausted all leave time available to Plaintiff under the Family and Medical Leave Act, and namely twelve weeks of leave for that current FMLA applicable calendar year.

25. At the time that Plaintiff requested and/or otherwise exercised Plaintiff's right to leave in 2008 for Plaintiff's bi-polar serious health condition, Plaintiff had not exhausted all leave time available to Plaintiff under the Family and Medical Leave Act, and namely twelve weeks of leave for that current FMLA applicable calendar year.

26. Plaintiff provided to Defendant sufficient medical information and documentation about Plaintiff's need for leave and due to Plaintiff's serious health condition, and said information being conveyed to Defendant on or about the date that Plaintiff requested leave due to Plaintiff's serious health condition.

27. At all relevant times, Plaintiff kept Defendant informed about Plaintiff's need for leave due to said bi-polar serious health condition, as well as the care, treatment, and status of

Plaintiff's said serious health condition and need for leave.

28. At no time did Plaintiff fail to reasonably inform Defendant of Plaintiff's need for leave and accommodation due to Plaintiff's serious health condition, bi-polar serious health condition.

29. At no time did Plaintiff fail to reasonably inform Defendant of the care, treatment, and status of Plaintiff's condition and need for leave and due to Plaintiff's serious health condition, bi-polar serious health condition, said condition of which also constitutes a disability under the Kentucky Civil Rights Act.

30. Shockingly and sadly, however, when Plaintiff requested leave of about thirty (30) days to Defendant for said bi-polar disorder serious health condition at said time, about the end of 2008/beginning of 2009, Defendant interfered with and effectively deprived Plaintiff of legally-protected requested FMLA leave time, and said leave being protected as a matter of law under the Family and Medical Leave Act and Kentucky Civil Rights Act.

31. Defendant declared to Plaintiff, and by and through managers/supervisors Janelle Wheeler and/or Chrissy Cummins, that Plaintiff would lose employment benefits if Plaintiff took said leave, and constituting illegal interference/deprivation and discouraging, as well as retaliation under the FMLA, and as set forth in Plaintiff's Counts I and II herein.

32. Defendant also declared to Plaintiff, and by and through managers/supervisors Janelle Wheeler and/or Chrissy Cummins, that Plaintiff could not be on leave for the requested about thirty (30) days, and constituting illegal interference/deprivation and retaliation under the FMLA, and as set forth in Plaintiff's Counts I and II herein, as well as failure to accommodate Plaintiff's disability under Count III, via failure to allow said leave period/time off from work, constituting unlawful KCRA disability discrimination and

retaliation, Plaintiff's disability being bi-polar disorder, and which affected major life activities of Plaintiff, including, but not limited to, caring for Plaintiff's self, thinking, working, and concentrating.

33. Facing said illegal interference/deprivation and retaliation by Defendant, both under the Family and Medical Leave Act and Kentucky Civil Rights Act, Plaintiff was forced to take less than the leave time that Plaintiff needed due to Plaintiff's serious health condition, and took leave of approximately three weeks and instead of the requested about thirty (30) days leave which Plaintiff needed, said leave which was protected under the FMLA and the Kentucky Civil Rights Act.

34. Additionally, when Plaintiff returned to work from said approximate three week leave, on or about early 2009, Defendant effectively made Plaintiff's life miserable in the workplace and because of Plaintiff requested and/or took FMLA leave, requested the leave as a disability accommodation, and because Plaintiff had a disability, Plaintiff's bi-polar disorder health condition.

35. It was clear that Defendant did not want Plaintiff working in Defendant's workplace because Plaintiff suffered from bi-polar condition and requested and/or took FMLA leave and requested disability accommodation, despite the fact that Plaintiff could perform the essential functions of the job and was a qualified person with a disability protected under the KCRA.

36. After Plaintiff returned to work from Plaintiff's approximate three week leave, Defendant caused Plaintiff to suffer a severely hostile work environment and because of Plaintiff's bi-polar legally covered disability condition and requests for FMLA leave and accommodation, and which caused Plaintiff severe emotional distress and affected the terms and conditions of Plaintiff's work environment, and for a substantially long period of time and

...

occurring on a recurrent, ongoing basis, the derogatory treatment by Defendant inflicted upon Plaintiff being pervasive, severe, and causing Plaintiff severe emotional distress.

37. From being talked about by co-workers about Plaintiff's bi-polar disorder in the workplace, (there existing lack of confidentiality by Defendant of Plaintiff's health condition disability), to being repeatedly questioned by Defendant of Plaintiff's actions wherein other non-disabled person employees and FMLA recipients were not so singled out and treated, to being singled out as bi-polar and effectively stigmatized on the basis of disability, despite the fact that Plaintiff was a qualified individual with a disability who could perform the essential functions of Plaintiff's work position, with and/or without accommodation during Plaintiff's employment, Defendant treated Plaintiff differently and negatively because of Plaintiff's disability, as well as caused Plaintiff a hostile work environment, it being apparent that Defendant desired and sought discharge of Plaintiff from employment because of Plaintiff's bi-polar covered disability and serious health condition, and also constituting evidence, direct and circumstantial, of unlawful disability discrimination in the workplace committed by Defendant against Plaintiff.

38. As result of Defendant's hostile, derogatory, discriminatory treatment toward Plaintiff because Plaintiff had bi-polar disorder, Plaintiff's serious health condition was affected, and because Defendant intentionally inflicted emotional distress upon Plaintiff.

39. <u>September 15, 2009</u>: On or about September 15, 2009, during a scheduled business meeting, Defendant, and by and through Wheeler and Cummins, effectively berated Plaintiff about having bi-polar disorder, and hostily questioned Plaintiff about Plaintiff having bi-polar disorder, as well as issues caused by Plaintiff's bi-polar disorder, and also as allegedly discovered by Cummins through Plaintiff's alleged friend contacts.

40. At said on or about September 15, 2009 meeting, Defendant, and by and through

Chrissy Cummins and Janelle Wheeler, unlawfully singled Plaintiff out because of Plaintiff's disability, bi-polar disorder, treating Plaintiff derogatorily and singling Plaintiff out with regard to Plaintiff's work actions and behavior because Plaintiff suffered from bi-polar disorder.

41.  Defendant also failed to advise and/or otherwise extend Plaintiff leave under the Family and Medical Leave Act on or about said September 15, 2009, in light of Defendant's allegations that Plaintiff had issues related to bi-polar disorder, and wherefore Defendant had the legal obligation to do so.

42.  Frustrated and agitated with Defendant's unlawful actions toward Plaintiff, and Plaintiff feeling boxed in and hopeless because of Defendant's improper and unlawful acts, Plaintiff voiced opposition of actual and/or good faith belief of disability discrimination. Plaintiff voiced said opposition to Defendant that Plaintiff had rights and would defend them, and as a person having the disability and serious health condition of bi-polar disorder.

43.  Defendant then actually and/or constructively fired Plaintiff, and because of Plaintiff's bi-polar disability condition, Defendant's acts also constituting retaliation for Plaintiff's opposition to Defendant's actual and/or good faith belief of unlawful disability discrimination.

44.  Defendant's claim that Plaintiff's statement that Plaintiff would defend her rights was a "threat," and thus work place violence, constitutes unlawful retaliation and on its face under the KCRA.

45.  Plaintiff lawfully opposed illegal discrimination in the workplace and sought to protect Plaintiff's rights as a person who actually and/or good faith believed, that they suffered from a disability covered and protected under law, and in this case bi-polar disorder.

46.  At no time was Defendant, including, but not limited to, Wheeler or Cummins, in placed in any fear or harm to themselves or others.

47.     Defendant did not have a legitimate reason or business reason to justify Defendant's actions on September 15, 2009 and which resulted in Plaintiff being actually and/or constructively fired.

48.     A contributing factor which also served a basis for Defendant's illegal discharge of Plaintiff is that Plaintiff requested and took leave in 2008/2009 as aforestated, said leave which was protected under the FMLA, and due to Plaintiff's serious bi-polar health condition, and wherefore Plaintiff was suffering from ailments related to said serious health condition at said prior leave time due to said serious health condition.

49.     Defendant also beratingly informed Plaintiff that Plaintiff should have disclosed to Defendant that Plaintiff had bi-polar disorder when Plaintiff applied to work for Defendant, when Defendant hired Plaintiff, and constituting unlawful disability discrimination and unlawful acts in violation of law, and also constituting evidence, direct and circumstantial, of unlawful disability discrimination in the workplace committed by Defendant against Plaintiff.

50.     Plaintiff's bi-polar condition constituted a serious health condition under the federal Family and Medical Leave Act and as that term is specifically defined under the FMLA and including 29 U.S.C. ξ 2611(11).

51.     Plaintiff's bi-polar condition also constituted a disability as that term is defined under the Kentucky Civil Rights Act, K.R.S. 344.010, et. seq., and including K.R.S. 344.010(4), as well as the Americans with Disabilities Act, 42 U.S.C. ξ 12101 et. seq., and including 42 U.S.C. ξ 12102 and applicable regulatory and other law, and including the ADA Amendments of 2008, Plaintiff suffering, and being medically diagnosed as suffering, from the severe medical condition of bi-polar disorder and which substantially limited/impaired one or more of Plaintiff's major life activities, including, but not limited to, sleeping, concentrating, caring for

oneself, thinking, and working, and including the major bodily functions of neurological brain and wherefore Plaintiff also in good faith believed that she suffered from said protected disability condition under law.

52. Defendant deprived and interfered with Plaintiff federal right to medical leave which Plaintiff was entitled to under the Family and Medical Leave Act, constituting intentional actionable interference/deprivation under the Family and Medical Leave Act and as set forth in Count I herein.

53. Defendant also retaliated against Plaintiff by intentionally and in bad faith declaring to Plaintiff that Plaintiff would lose employment benefits for taking the about thirty (30) days leave which Plaintiff requested from Defendant at the end of 2008/beginning of 2009, said leave which is protected under the FMLA, and constituting actionable retaliation under the Family and Medical Leave Act, and as set forth in Count II herein.

54. Plaintiff was a covered employee under the Family and Medical Leave Act, entitled to at least twelve weeks of leave during Defendant's calendar twelve-month period, and including at the time that Defendant wrongfully fired and terminated Plaintiff in 2009.

55. Regarding Plaintiff's Counts I and II, Plaintiff has suffered actual damages under the Family and Medical Leave Act, including, but not limited to, lost income, health insurance, and other benefits, and wherefore the multiplier under the FMLA statutory provision should also be applicable in and to this case, and further, Plaintiff requests Plaintiff's costs and attorney fees to be paid by Defendant.

56. Re Plaintiff's Counts III and IV, Plaintiff has suffered humiliation, embarrassment, pain and suffering, and emotional distress under the Kentucky Civil Rights Act, as well as lost income and other damages, and further, Plaintiff requests Plaintiffs' costs and attorney fees to be paid by Defendant.  Plaintiff is not suing under the Americans with

Disabilities Act, referred to herein, but under the Kentucky Civil Rights Act which models, as a matter of law in many respects, the Americans with Disabilities Act referred to herein.

57. Overview is expressly incorporated into each and every Count herein by reference, the same as if fully set forth therein verbatim.

## STATEMENT OF COUNTS:

**COUNT #I:** Interference with Rights under the Family and Medical Leave Act, 29 U.S.C. ξ2601, et. seq. and including 29 U.S.C. ξ2615

58. Overview is incorporated into this Count herein by reference, the same as if fully set forth herein verbatim.

59. Defendant intentionally interfered with Plaintiff's right to FMLA leave by failing to extend and/or refusing to extend Plaintiff leave which was legally protected under the Family and Medical Leave Act, constituting illegal deprivation of Plaintiff's FMLA entitled-to leave under the FMLA.

60. Said Count violation occurred at the end of 2009/beginning of 2009 when Plaintiff requested about thirty (30) day of leave due to Plaintiff's serious health condition of bi-polar, and wherefore Defendant declared to Plaintiff that Plaintiff could not have said requested leave time, and as set forth hereinabove.

61. Said Count violation also occurred on or about September 15, 2009 when Defendant actually and/or constructively discharged Plaintiff, wherein Defendant failed and/or refused to inform and extend to Plaintiff any leave under the Family and Medical Leave Act, and wherein Defendant was legally obligated to do so.

62. Plaintiff was an employee, entitled to leave under Family and Medical Leave Act,

as that term is defined under the FMLA and including 29 U.S.C. Section 2611(2).

63. Defendant was an employer, obligated to extend Plaintiff leave under the Family and Medical Leave Act, as that term is defined under the FMLA and including 29 U.S.C. Section 2611(4).

64. Defendant's conduct constitutes unlawful interference with leave rights under the Family and Medical Leave Act, 29 U.S.C. ξ 2601, et. set., including 29 U.S.C. ξ2615.

65. Plaintiff was entitled to twelve (12) weeks of leave under the Family and Medical Leave Act.

66. Plaintiff's bi-polar condition, and referred to hereinabove, constitutes a serious health condition as defined under the FMLA and including 29 U.S.C. Section 2611(11) as well as a covered disability under the Kentucky Civil Rights Act.

### COUNT #II: Retaliation under the Family and Medical Leave Act, 29 U.S.C. ξ2601, et. seq. and including 29 U.S.C. ξ2615

67. Overview is incorporated into this Count herein by reference, the same as if fully set forth herein verbatim.

68. Defendant's conduct constitutes unlawful intentional retaliation under the Family and Medical Leave Act, 29 U.S.C. ξ 2601, et. set., including 29 U.S.C. ξ2615.

69. Plaintiff effectively engaged in statutorily protected conduct under the FMLA with regard to leave, to which Plaintiff was legally entitled, under the Family and Medical Leave Act, 29 U.S.C. ξ 2601 et. seq., and by and through Plaintiff requesting leave legally-protected under the FMLA from Defendant at the end of 2008/beginning of 2009 and as set forth hereinabove.

70. Plaintiff requested leave from Defendant, as set forth hereinabove, due to Plaintiff's serious bi-polar disorder condition, and referred to hereinabove.

71. As result, and because of said request, Defendant retaliated against Plaintiff by effectively reprimanding Plaintiff by declaring that Plaintiff would lose work benefits if Plaintiff took said leave.

72. A causal connection exists between said adverse employment actions taken by Defendant against Plaintiff, and Plaintiff's effective engagement of the statutorily protected conduct.

73. Wherefore, Defendant's acts constitute illegal retaliation under the FMLA, and wherefore Defendant has caused Plaintiff severe damages.

## COUNT #III:  Disability Discrimination under the Kentucky Civil Rights Act, K.R.S. 344.010 et. seq. and including K.R.S. 344.040

74. Overview is incorporated into this Count herein by reference, the same as if fully set forth herein verbatim.

75. Defendant's actions constitute illegal disability discrimination under the KCRA and which has caused Plaintiff severe damages, including, but not limited to, humiliation, embarrassment, pain and suffering, and emotional distress.

76. Defendant is an employer as that term is defined under the Kentucky Civil Rights Act, K.R.S. 344.030(2).

77. Plaintiff is an employee as that term is defined under the Kentucky Civil Rights Act, K.R.S. 344.030(5).

78. Defendant intentionally singled Plaintiff out and treated Plaintiff differently than non-disabled persons, constituting illegal discrimination on the basis of disability.

79. Defendant informed Plaintiff that Plaintiff should have disclosed to Defendant that Plaintiff had bi-polar disorder when Plaintiff applied to work for Defendant, and which is unlawful under law and constitutes unlawful disability discrimination, and this being despite the fact that Plaintiff was a qualified individual with a disability who could safely perform the essential functions of her job, with and/or without accommodation.

80. Defendant made Plaintiff's work life miserable, and by and through causing Plaintiff a hostile work environment, because Plaintiff was diagnosed with and suffered bi-polar condition, said hostile work environment which affected the terms and conditions of Plaintiff's work environment and wherefore said derogatory treatment was ongoing, of a substantial severity, and was pervasive, causing Plaintiff severe emotional distress, and constituting unlawful discrimination on the basis of disability.

81. Defendant intentionally singled Plaintiff out and treated Plaintiff differently than non-disabled persons, and including treating Plaintiff in a discriminatory manner wherein Defendant wanted to get rid of Plaintiff because of her Plaintiff's disability and including as well that Plaintiff was destined for instability and ineffectiveness in the workplace because Plaintiff had bi-polar disorder, this being the terrible detriment caused Plaintiff, as well as other members of society, who suffer from a disability but seek to work and function in society but are mistreated and effectively abused and discarded because of their disability.

82. Additionally, Defendant failed and/or refused to accommodate Plaintiff's disability condition.

83. Defendant's conduct constitutes unlawful intentional disability discrimination under the Kentucky Civil Rights Act, K.R.S. 344.010 et. seq., and including K.R.S. 344.040, by way of failure and/or refusal to accommodate Plaintiff by granting to Plaintiff the about thirty

(30) day of requested leave, this occurring on or about the end of 2008, beginning of 2009, and as set forth hereinabove.

### COUNT #IV:  Retaliation under the Kentucky Civil Rights Act, K.R.S. 344.010 et. seq. and including K.R.S. 344.040

84. Overview is incorporated into this Count herein by reference, the same as if fully set forth herein verbatim, and wherefore Defendant's actions constitute illegal retaliation under the KCRA and which has caused Plaintiff severe damages, including, but not limited to, humiliation, embarrassment, pain and suffering, and emotional distress.

85. Defendant retaliated against Plaintiff because Plaintiff effectively opposed disability discrimination under the Kentucky Civil Rights Act, K.R.S. 344.010 et. seq., and including K.R.S. 344.040, and Plaintiff actually having a disability covered under the KCRA or in good-faith believing the same, and wherein Defendant refused to accommodate Plaintiff by granting Plaintiff leave as a work accommodation, as well as reprimanding Plaintiff for alleged "no-call/no-show" activity, and then firing Plaintiff, and wherefore Defendant has caused Plaintiff severe damages as result of Defendant's unlawful acts.

86. Defendant's adverse actions taken against Plaintiff were causally connected to Plaintiff's protected action of effectively opposing disability discrimination under the Kentucky Civil Rights Act.

87. Defendant's adverse actions taken against Plaintiff were because Plaintiff effectively opposed discrimination under the Kentucky Civil Rights Act and in effort to protect Plaintiff's rights, actions which were legally protected under the KCRA and ADA, said material adverse actions including, but not limited to, reprimanding Plaintiff due to alleged "no-call/no-show" activity and firing Plaintiff.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following:

1. Regarding Counts I and II, for all actual damages, (including, but not limited to, all back pay, lost income benefit differentials, and health insurance expended), and liquidated damages as an additional multiplied amount thereof, and including Plaintiff's attorney fees and costs, and all other relief to which Plaintiff is entitled;

2. Regarding Counts III and IV, damages for humiliation, embarrassment, pain and suffering, and emotional distress, as well as all actual damages, (including, but not limited to, all back pay, lost income benefit differentials, and health insurance expended), and including Plaintiff's attorney fees and costs, and all other relief to which Plaintiff is entitled;

3. For any and all other relief to which Plaintiff is entitled.

/s/ Leslie Dean
**LESLIE DEAN, ATTY. AT LAW, PSC**
**116 N. Main Street**
**Versailles, Kentucky 40383**
**Telephone: (859) 296-4575**
**Facsimile: (859) 296-4577**
**Email: ldean@LeslieDean.com**
**ATTORNEY FOR PLAINTIFF,**
**SHEILA GOODE**