UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-342-KKC

SHEILA GOODE,

PLAINTIFF

v.

**MEMORANDUM OPINION AND ORDER**

HERITAGE HOSPICE, INC.,

DEFENDANT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

This matter is before the Court on the Defendant's Motion for Summary Judgment. [DE 19]. For the following reasons, the Defendant's Motion for Summary Judgment is GRANTED in part, and Counts I and II of the Plaintiff's Compliant [DE 1] are DISMISSED. Because the Plaintiff's federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Therefore, Counts III and IV of the Plaintiff's Complaint are DISMISSED without prejudice.

**I.  BACKGROUND**

The Plaintiff, Sheila Goode, was the Transitions Coordinator for the Defendant, Heritage Hospice, Inc. ("Hospice"), from April 2008 until her employment was terminated in September

1

2009. Ms. Goode was first diagnosed with mental illness in 1982 and currently suffers from bipolar I disorder.[1] [DE 22-2 at 11, Goode Dep., at 41].

In December 2008, Goode took off work the week between Christmas and New Years because of her bipolar disorder. [DE 22-2 at 15, Goode Dep., at 57]. Later, Goode requested additional time off because of her bipolar disorder, but the parties dispute the amount of time requested. Goode argues that she requested four weeks leave, but her supervisor told her that if she did not return to work in three weeks, her benefits would run out. [DE 25 at 8]. Hospice disputes Goode's account, and argues that she requested three weeks off and that it gave her three weeks off. [DE 22 at 2–3]. The only documents in the record regarding Goode's leave of absence are two notes from her treating physician, Dr. Ali. In the first note, Dr. Ali asked Hospice to "excuse Ms. Goode from work from 1/2/2009 to 1/21/2009 due to medical reasons." His second note states that "Sheila can go back to work today 1/21/2009." [DE 22-4]. The record is devoid of any formal application for medical leave, disability accommodation or confirmation from Hospice of medical leave. Ms. Goode was paid for the duration of her time off because after she used her available sick and leave time, coworkers at Hospice donated to Goode their paid time off. [DE 22-2, Goode Dep. at 13]. Goode returned to work on January 21, 2009.

Hospice terminated Ms. Goode's employment on September 16, 2009, the day after Ms. Goode got angry at her supervisors, abruptly left a meeting, and slammed a door. [DE 22 at 5, DE 22-2 at 17–18]. Hospice asserted that Goode's behavior violated "board policies regarding professional conduct and workplace violence." Hospice also maintains that Goode's employment

---

[1] In Ms. Goode's deposition, she says that she suffers from "bipolar disease," but the *Diagnostic and Statistical Manual of Mental Disorders: Fourth Edition* refers only to bipolar disorder, not bipolar disease. Moreover, Ms. Goode's own medical records refer only to bipolar disorder, not bipolar disease. [DE 25-2 at 9].

2

was terminated because she engaged in unsafe practices by driving with insufficient sleep without informing her supervisors. [DE 22-2 at 17].

Hospice claims that Goode did not request any disability accommodation during her employment. [DE 22 at 5]. Goode alleges that she was terminated because she had a disability, bipolar disorder, and requested FMLA leave and accommodations. [DE 25 at 18, 21].

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to show that a particular fact is disputed, a party must cite to "particular parts of materials in the record." Fed. R. Civ. P. 56(c). A party opposing a motion for summary judgment cannot "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A scintilla of evidence in support of the plaintiff's position is not enough because there must be enough evidence to allow a jury to reasonably find for the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

When considering a motion for summary judgment, the court must view the facts contained in the record and draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). What the court must ultimately determine is whether there is a sufficient dispute about the evidence to require submission to the jury, or whether the evidence favors one side so strongly that it is entitled to judgment as a matter of law. *Anderson*, 477 U.S. at 251–52.

### III. ANALYSIS

The Plaintiff presents four claims, two for violations of the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. §§ 2601 *et. seq.*, and two for violations of the Kentucky Civil Rights Act, K.R.S. §§ 344.010 *et seq*. The Defendant seeks summary judgment on all four claims. Because Ms. Goode was not an eligible employee, the Defendant's Motion for Summary Judgment is granted in part and the FMLA claims are dismissed. The Court has supplemental jurisdiction over the remaining state law claims, and because the federal claims have been dismissed before trial, the remaining state law claims are dismissed without prejudice.

#### A. Family and Medical Leave Act Claims

The Plaintiff's first FMLA claim is that the Defendant interfered with the exercise or attempt to exercise a right provided under the FMLA. 29 U.S.C. § 2615(a)(1). [DE 1 at 11]. In order to recover on an FMLA interference claim, the plaintiff must show that (1) she is an "[e]ligible employee," 29 U.S.C. § 2611(2); (2) the defendant is an "[e]ligible employer," 29 U.S.C. § 2611(4); (3) the employee was entitled to leave under the FMLA, 29 U.S.C § 2612(a)(1); (4) the employee gave the employer notice of her intention to take leave, 29 U.S.C. § 2612(e)(1); and (5) the employer denied the employee FMLA benefits to which she was entitled. *Calvin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003).

Goode's second FMLA claim is that the Defendant retaliated against her "because she requested and/or received FMLA leave." [DE 25 at 18]. In order to recover on a FMLA retaliation claim, the plaintiff must prove that (1) she availed herself of a protected right under FMLA by notifying her employer of her intent to take leave; (2) she was adversely affected by an employment decision; and (3) the proximity in time between the request for leave and the

discharge constitutes indirect evidence of a causal connection between the exercise of the right under FMLA and the adverse employment decision. *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001). The plaintiff must qualify as an "eligible employee" in order to state a retaliation claim. *Humenny v. Genex Corp.*, 390 F.3d 901, 905–06 (6th Cir. 2004). Therefore, both the Plaintiff's FMLA claims require her to be an "eligible employee" under the FMLA or else the claims fail as a matter of law.

It is uncontested that Goode was not an "eligible employee" under the FMLA because Heritage Hospice "employ[ed] less than 50 employees" at Goode's worksite and employed less than 50 employees within 75 miles of that worksite. 29 U.S.C. § 2611(2)(B). [DE 22 at 11; DE 22-5, Cummings Dep. at 23–24, DE 22-8, Def's Answer to Interrog. at 7–8].

### 1. Equitable Estoppel

Plaintiff concedes that she was not an "eligible employee" under the FMLA because Hospice did not employ 50 people. However, because Hospice's employee handbook represented that it was an employer covered by the FMLA, Goode maintains that she is entitled to equitable relief. Goode argues that:

> Equitable estoppel precludes Defendant's contention that Defendant lacked the requisite fifty (50) employees to be an FMLA covered employer. Defendant indisputably represented to Plaintiff in Defendant's employee handbook . . . that Defendant was an FMLA covered employer and conferring all FMLA benefits and entitlements to employees, including Plaintiff, under the Family and Medical Leave Act, and as expressly set forth therein and by Defendant's citation therein to the Family and Medical Leave Act (FMLA) of 1993.

[DE 25 at 17].

Estoppel is an equitable doctrine used to avoid injustice. *Heckler v. Cmty. Health Servs. of Crawford County*, 467 U.S. 51, 59 (1984). "[I]n certain circumstances equitable estoppel

5

applies to employer statements regarding an employee's FMLA eligibility, preventing the employer from raising non-eligibility as a defense." *Dobrowski v. Jay Dee Contractors, Inc.*, 571 F.3d 551, 554 (6th Cir. 2009). For equitable estoppel to apply, Goode must show "(1) a definite misrepresentation as to a material fact, (2) a reasonable reliance on the misrepresentation, and (3) a resulting detriment to the party reasonably relying on the misrepresentation." *Id.* at 557. Goode fails to raise a dispute of material fact to all three elements required for the Court to invoke its equitable powers.

    a. <u>Definite Misrepresentation as to a Material Fact</u>

A definite misrepresentation of a material fact is an action from the employer indicating that an employee is eligible for FMLA leave or that requested leave will be granted or was granted under the FMLA. *See, e.g.*, *Dobrowski*, 571 F.3d at 557. For example, in *Dobrowski*, the plaintiff "received written notice from his company that his leave was 'pursuant to the Family and Medical Leave Act' and that he was an 'eligible employee' even though he was, in fact, not covered by the Act." *Id.*

The facts and circumstances in cases cited by Goode differ significantly from the facts in this case. In each case, the employers made affirmative representation or took affirmative actions regarding coverage under the Act. For example, in *Davis*, the employee was actually covered by the FMLA and the dispute centered on whether she would receive benefits for absences that did not qualify under the applicable FMLA coverage period. *See Davis v. Mich. Bell Tel. Co.*, 543 F.3d 345, 347-48 (6th Cir. 2008). There, the Sixth Circuit Court of Appeals held that the employer was not equitably estopped from denying benefits for absences beyond the covered period because the employer made no forward-looking promise to the employee. *Id.* at 353.

6

Likewise, in *Mutchler*, the Sixth Circuit held that an employer was not equitably estopped from denying FMLA benefits to an employee for absences related to a second surgery when the first had been covered by the FMLA because at the time of the second surgery, the employee's hours of service fell below the number required for eligibility for FMLA leave. *Mutchler v. Dunlap Mem'l Hosp*, 485 F.3d 854, 860-61 (6th Cir. 2007).

In *Sorrell*, the Sixth Circuit remanded the case to the district court to consider, among other things, whether an employer should be equitably estopped from denying coverage when it had unconditionally approved the employee's request for leave. *Sorrell v. Rinker Materials Corp.*, 395 F.3d 332, 334-36 (6th Cir. 2005). In *Minard*, the Fifth Circuit Court of Appeals held that an employer was equitably estopped from denying benefits when it unintentionally made a definite misrepresentation to an employee who was ineligible for benefits under the Act. *Minard v. ITC Deltacom Commc'n, Inc.*, 447 F.3d 352, 354 (5th Cir. 2006). There, the employee sought the employer's approval before undergoing surgery at a particular time. *Id.* In fact, in all cases cited by Goode, courts applied the doctrine of equitable estoppel only when employers made specific affirmative representations to employees regarding specific requests for relief.

Here, Goode does not cite any affirmative statement or representation from Hospice that she was eligible for FMLA leave or that her particular requested leave would be FMLA-protected leave. Additionally, Goode does not cite any evidence indicating that she even requested FMLA leave. In fact, Goode acknowledges that her leave was not classified as FMLA leave by Hospice. [DE 25 at 16]. Goode's argument that Hospice should be estopped from arguing that she is not an eligible employee under the FMLA is based on Hospice's employee handbook. The employee handbook cites the FMLA and explains Hospice's procedures and requirements for an employee to obtain family or medical leave. [DE 25-2]. The handbook does

not mention that the FMLA applies only to employees employed at worksites with 50 or more employees. However, the handbook's citations and references to the FMLA are not specific or definite misrepresentations that Goode was eligible for FMLA leave or that any requests for leave would be granted under the FMLA. The handbook merely represents Hospice's general policy regarding leave, and Goode is not alleging that Hospice violated their leave policy.

The handbook does not address Goode individually and does not state that all requested leave would be FMLA leave. In fact, the handbook directs employees that "[a]ppropriate forms are available and *must* be completed in accordance with provisions of the Family [and] Medical Leave Act." [DE 25-2 (emphasis added)]. Goode never completed any forms requesting FMLA leave, and Hospice never told Goode that her leave would be protected by the FMLA. The handbook also states that "[d]etailed explanations of the provisions of the Family and Medical Leave Act are available to all employees from Administration." [DE 25-2]. There is no evidence that Goode requested information about the FMLA from Administration or made an inquiry to see if she was eligible for FMLA leave. If Goode had asked Administration about the FMLA and requested FMLA leave and Hospice told her that she was eligible for FMLA leave or that her leave would be FMLA leave—then Hospice would have definitely misrepresented a material fact. However, the employee handbook does not state that Hospice is an FMLA eligible employer or that Goode and employees similarly situated are FMLA eligible employees.

Comparing the representation in Hospice's handbook to the kinds of misrepresentations made in cases cited by Goode, it is evident that the statements regarding the FMLA, although confusing, are not the kind of personalized misrepresentations or misstatements that have led courts to apply the doctrine of equitable estoppel when an employer otherwise correctly denies benefits under the FMLA.

8

    b.  <u>Reasonable Reliance</u>

Goode fails to cite evidence that she reasonably relied on the statements in Hospice's employee handbook regarding the FMLA. There is no evidence that Goode believed she was taking FMLA leave or that it would be reasonable to think so based on the employee handbook. If Goode had reasonably relied on the handbook as a statement that she was eligible for FMLA leave, she would have, at a minimum, made some attempt to comply with the requirements set forth in the handbook. For example, the handbook states that "[a]ppropriate forms are available and *must* be completed in accordance with provisions of the Family [and] Medical Leave Act." [DE 25-2 (emphasis added)]. There is no evidence in the record that Goode requested FMLA leave forms, let alone any evidence that she actually completed them. Janelle Wheeler, the Executive Director of Hospice, testified that Hospice did not grant Goode FMLA leave because it "did not have any formal request for her to take anything. She never submitted anything in writing, actually formal leave requesting leave." [DE 22-3 at 2, Wheeler Dep. at 8]. The record reflects that Goode was in contact with Hospice before and during her three weeks of paid leave, and that during her leave, Janelle Wheeler informed Goode of the program at Hospice where other employees donate unused paid time off so that Goode could be paid during her leave after she exhausted her own paid time off. [DE 22-2 at 13].

It is not reasonable to take leave and assume the leave would be FMLA-protected. The handbook itself directs employees that FMLA forms "must be completed in accordance with provisions of the [FMLA]." Goode does not cite any evidence in the record that she actually reasonably relied on the handbook in assuming that her leave would be covered by the FMLA.

9

c.  Detrimental Reliance

Finally, there is no evidence that Goode "'changed [her] position' in reliance on the belief that [her] leave would be FMLA-protected." *Dobrowski*, 571 F.3d at 557 (quoting *Heckler,* 467 U.S. at 61). If Goode had relied on an erroneous representation of Hospice, "one would expect h[er] to be able to point to some action or statement that indicated that [her] decision to take leave] was contingent on h[er] understanding of [her] FMLA status." *Id.* at 557–58. Evidence that could raise an inference of such contingency could be "a record that [s]he made an inquiry as to h[er] rights, asked for written confirmation of h[er] leave arrangement, or changed h[er] behavior after being told [s]he was eligible" for FMLA leave. *Id.*

There is nothing in the record that suggests Goode took leave because she thought her leave would be FMLA-protected. In fact, Goode states that she first told her supervisor about her bipolar disorder when she "told her that I *had* to take sick leave." [DE 22-3 at 11, Goode Dep. at 44 (emphasis added)]. In *Dobrowski*, the plaintiff had scheduled a surgery and then was informed by formal letter that his leave would be FMLA-protected. The plaintiff was actually not eligible for FMLA leave, but argued that his employer should be estopped from denying FMLA eligibility, because they told him in writing that his leave would be FMLA-protected. Despite the employer's clear misrepresentation, the court held that Dobrowski was not entitled to equitable relief because he did not "change[] his position on the belief that his leave would be FMLA-protected." *Dobrowski*, 571 F.3d at 557. Dobrowski made the decision to take leave and have surgery before he was notified that his leave would be FMLA-protected.

There is not evidence that Goode detrimentally relied on the employee handbook's references to the FMLA when deciding to take her leave. Therefore, Hospice is not estopped from asserting that Goode was not an "eligible employee" under the FMLA. Because it is

10

undisputed that Goode was not an FMLA "eligible employee," Hospice's Motion for Summary Judgment is GRANTED in part, and Counts I and II of the Plaintiff's Complaint are DISMISSED.

### 2. State Law Discrimination Claims

The Court has supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367. If all claims over which the court has original jurisdiction are dismissed before trial, the court may decline to continue to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)). "It is generally recognized that where . . . federal issues are dismissed before trial, district courts should decline to exercise [supplemental] jurisdiction over state law claims." *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Musson Theatrical Inc.*, 89 F.3d at 1254 (holding that the dictum in *Gibbs* remains valid when analyzing whether state claims should be dismissed under 28 U.S.C. § 1367).

The parties have not overcome the presumption in favor of dismissing supplemental claims when all federal issues have been dismissed before trial. The Plaintiff does not argue why this Court should continue to exercise supplemental jurisdiction if the federal claims are dismissed. The Defendant argues that the Court should continue to exercise supplemental

jurisdiction "because the Plaintiff has willingly subjected herself and all of her claims, both Federal and State, to the jurisdiction and authority of this tribunal by filing her Complaint originally with this Court." [DE 22 at 16]. The Defendant does not cite any authority supporting this argument, and the Court has found none.

The Court finds that no prejudice would result from dismissing the remaining state law claims. The Defendant's defense to the FMLA claims and the state law discrimination claims "are conceptually distinct, and resolution of one does not affect resolution of the other." *Musson Theatrical, Inc.*, 89 F.3d at 1256. The Court decided that the Plaintiff was not an "eligible employee" as defined by the FMLA and that equitable estoppel does not prevent the Defendant from arguing that the Plaintiff was not an eligible employee. This decision does not affect resolution of the state law discrimination claims. This Court, pursuant to 28 U.S.C. § 1367(c)(3), will exercise its discretion not to make "[n]eedless decisions of state law," and dismisses without prejudice Counts III and IV of the Plaintiff's Complaint. 28 U.S.C. § 1367(c)(3); *Gibbs*, 383 U.S. at 726. The claims will be dismissed without prejudice because, pursuant to 28 U.S.C. § 1367(d), the Plaintiff has at least 30 days in which to file her state law claims in state court.

### IV. CONCLUSION

Accordingly, it is Ordered:

1) that Defendant's Motion for Summary Judgment [DE 19] is GRANTED in part;

2) that Counts I and II of the Plaintiff's Complaint [DE 1] are DISMISSED with prejudice;

3) that the Court declines to exercise Supplemental Jurisdiction over Counts III and IV of the Plaintiff's Complaint [DE 1];

4) that the Plaintiff's state law claims, Courts III and IV of the Complaint [DE 1], are DISMISSED without prejudice and this matter is STRICKEN from the DOCKET.

This the 26th Day of March, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge